**FILED IN**
**4th COURT OF APPEALS**
**SAN ANTONIO, TX**
*3:27 pm, Oct 08, 2015*
**KEITH E. HOTTLE**
**CLERK OF THE COURT**

REPORTER'S RECORD
VOLUME 1 OF 1 VOLUME
TRIAL COURT CAUSE NO. 2015-CV-03073

| | | |
|---|---|---|
| FRANCISCO J. GONZALEZ-GONZALEZ, | * | IN THE COUNTY COURT |
| APPELLANT, | * | |
| VS. | * | AT LAW NO. 3 |
| | * | |
| TEXAS DEPARTMENT OF PUBLIC SAFETY, | * | |
| APPELLEE. | * | BEXAR COUNTY, TEXAS |

*****************************************************************

TRANSCRIPT OF PROCEEDINGS
JULY 31, 2015

*****************************************************************

On the 31st day of July, 2015, the following came on to be heard in the above-entitled and numbered cause before the Honorable Jason Wolff, Judge presiding, held in San Antonio, Bexar County, Texas:

Proceedings reported by Stenographic Method.

* * * ORIGINAL * * *

EDNA L. CASANOVA, CSR, RPR

**A P P E A R A N C E S**

Mr. Adam Crawshaw
LAW OFFICE OF ADAM CRAWSHAW, PLLC
SBOT NO. 24073017
630 Broadway Street
San Antonio, Texas 78215
Phone: (210)271-1523
Attorney for Appellant

Ms. Nancy Jo Bage Sorenson
TEXAS DEPARTMENT OF PUBLIC SAFETY
SBOT NO. 24029846
8806 Broadway Street
San Antonio, Texas 78217
Phone: (210)804-5700
Attorney for Appellee

(Open court.)

THE COURT: 2015-CV-03073, Francisco Gonzalez versus DPS.

MR. CRAWSHAW: Ready, Judge.

THE COURT: Good morning.

MS. SORENSON: Good morning.

THE COURT: Good morning. Mr. Crawshaw?

MR. CRAWSHAW: Yes, sir.

THE COURT: Your appeal, right?

MR. CRAWSHAW: Yes, it is.

THE COURT: Okay.

MR. CRAWSHAW: Are you ready for me?

THE COURT: Sure.

MR. CRAWSHAW: Judge, the sole issue on appeal is whether or not there's reasonable fact -- or facts in the record to support Judge Lambright -- the administrative law judge's decision -- finding. The only issue that I'm appealing is whether or not there was reasonable suspicion for the stop in this case. Reasonable suspicion or probable cause for the stop is what DPS alleges in their original petition.

As far as the evidence for review goes, the most important thing in this case is that a court shall reverse an administrative decision if appellant's substantial rights have been prejudiced because his findings are in violation of constitutional or statutory provisions. It's cited in my

brief.

The reason for the stop in this case is because my client made a U-turn from a left-turn-only lane. That's the only thing that's in the police officer's report. There's nothing in the transcript that elaborates on that reason -- that reason for the stop. And so because there's no facts articulated in the record, there can -- the ALJ -- there's no legal basis to find that there's reasonable suspicion or probable cause for the stop.

THE COURT: I'm sorry? There was not testimony at the hearing?

MR. CRAWSHAW: There was.

THE COURT: Okay.

MR. CRAWSHAW: But not on that point.

THE COURT: All right.

MR. CRAWSHAW: The only thing that's in the police report, which is an exhibit that's attached to the record, is that my client made a U-turn from a left-hand-turn lane, which is not in itself a traffic violation. And so because -- because that's not --

THE COURT: It can -- it may or it may not be, right?

MR. CRAWSHAW: That's correct.

THE COURT: Okay.

MR. CRAWSHAW: But because there's no objective

facts in the record to support that finding, I think that the -- the decision must be reversed.

THE COURT: All right.

MS. SORENSON: And I think you have a copy of this, do you?

THE COURT: I do.

MS. SORENSON: Okay. And the -- really, the standard of review is the most important thing here on appeal, and I know you're very familiar with this. And we believe not only does the record demonstrate some reasonable basis for the ALJ's decision and more than a scintilla of evidence, but I don't think that there's even an evidentiary ambiguity in this case. He was -- the officer was subpoenaed by defense and did appear at the hearing, but they elected not to ask him any questions about the stop.

THE COURT: Well --

MS. SORENSON: Where the -- where the --

THE COURT: It might be good lawyering.

MS. SORENSON: Oh, oh, no. Yeah. No. I'm not -- I'm just saying they didn't. And the evidence for -- and where the -- the evidence for the judge's decision is in the officer's sworn report, which is just as valid as if he testified at the hearing. It's in the paperwork. And, Judge, it's on -- it's in the -- you have a copy of the --

THE COURT: You guys --

MS. SORENSON:  -- record?

THE COURT:  -- don't dispute that that's the sole basis, is that --

MR. CRAWSHAW:  No.

THE COURT:  -- is a U-turn?  No?

MR. CRAWSHAW:  No.

MS. SORENSON:  No, no.

THE COURT:  You're not disputing that that's the basis that the ALR judge made -- found reasonable suspicion for the stop was a U-turn in a left-hand --

MS. SORENSON:  That's correct, Judge.  And so the evidence for that -- what the judge based his -- and you can see from his -- from his -- his decision exactly what he says.  And in the report -- the officer's report, it says that he was monitoring traffic on Walzem.  He observed the vehicle traveling westbound in the left lane and then made a U-turn through the, quote, left-only-turn lane on the eastbound side. And when asked about why he did this, the defendant stated he didn't know about the turn lane.  So this was a left-only-turn lane.  Left only means left only, does not mean any other kinds of turns, including a U-turn.  And so -- and the judge states in his decision that reasonable suspicion to stop or detain defendant existed on that date.  A Texas peace officer observed defendant make a U-turn from a lane designated for left turns only while operating a motor vehicle.

So there is actually specific, articulated facts as to why he stopped him, because he made a U-turn through a left-only-turn lane. So I think that is true.

As far as the -- there's more than a scintilla of evidence because it's there in the record, in the peace officer's sworn report, which is DPS 1 and it's in the first tab.

Then, secondly, even if you -- oh, I'm sorry. Whoops. And to discuss the -- the -- the city ordinance -- and I believe you have it in Mr. Crawshaw's very impressive brief. And I mean that in sincerity. It was very -- you know, it was very well done.

On the U-turn, the limitations, it says the driver of any vehicle shall not turn such vehicle so as to proceed in the opposite direction upon any street in a business district, at any section controlled by a traffic control signal unless signs are posted permitting a U-turn.

Okay. So this was a left only -- designated left-only-turn lane. It didn't designate U-turn because it was designated left turn only.

THE COURT: Isn't the -- isn't the distinction if it is, in fact, in a business district?

MS. SORENSON: Or any intersection, it says -- upon any street or any intersection controlled by a traffic control device, it says.

THE COURT: Within a business district?

MS. SORENSON: No, outside of that. Or at any intersection -- or nor upon any other street unless such moving can be made in safety without interfering with other traffic. And this was -- business, I didn't even think that was at issue.

THE COURT: All right. So -- hang on a second. So --

MS. SORENSON: But -- I have another --

THE COURT: Go ahead.

MS. SORENSON: I'm sorry.

THE COURT: That's okay.

MS. SORENSON: No. You go ahead, Judge, and then I'll go with my third thing.

THE COURT: So the issue is whether or not it was legal or illegal to make the turn where the turn was made. There could be instances where it is illegal. There could be instances where it's not. I don't understand why, Mr. Crawshaw, you're saying that can't support reasonable suspicion in any capacity.

MR. CRAWSHAW: Because the law -- constitutional law requires -- this is an old case, but Ford versus State requires there be objective reasonable basis in the record.

THE COURT: That is -- how is that not an objective reasonable basis --

MR. CRAWSHAW: Because it's not --

THE COURT: -- in the record?

MR. CRAWSHAW: Because it's not an articulated -- it's not an articulated reason for the stop. Yes, he --

THE COURT: It's articulated in the police report which is acceptable evidence of the ALR hearing.

MR. CRAWSHAW: Yes, it is. That's exactly right.

THE COURT: Okay.

MR. CRAWSHAW: But the difference is, Judge, is that that alone is a conclusory statement which doesn't articulate a traffic violation. And we have to have objective, specific, reasonable, articulated facts by the officer.

THE COURT: Could you read that statement for me again in the police officer's report?

MS. SORENSON: Yes. I don't want to start too far above, but he was monitoring traffic at the 5000 block of Walzem, a public roadway. I observed a vehicle traveling westbound in the left lane and then made a U-turn through the -- and he puts it in quotes, the officer in his report -- left-only, quotes, turn lane on the eastbound side.

THE COURT: Keep reading, please.

MS. SORENSON: Oh, I'm sorry. I activated the

patrol's emergency red and blue lights to initiate a traffic stop. The vehicle pulled over at the Roosevelt High School parking area.

THE COURT: Okay. Thank you.

MS. SORENSON: I made contact with him.

THE COURT: Okay. Thank you.

MS. SORENSON: I'm sorry.

THE COURT: Mr. Crawshaw, you're saying that there can be no inference that, I saw this and activated my lights, that can't be an inference that the ALR judge can make was the basis of the stop?

MR. CRAWSHAW: Yeah, but he didn't, Judge. The findings of fact make no inference. The findings of fact merely recite what's in the police report. And that's the issue. The standard of review says are there -- is there a basis in the record, number one. And then, number two, before that, actually, in the section of the Government Code, it says, is there -- if there's -- if it's in violation of a constitution or statutory provision. My client has a constitutional right against unreasonable seizure, not search. We aren't dealing with a search. Unreasonable seizure. And so because there's not objective, reasonable, articulated facts in the record -- and that section of the Government Code is in the right-hand side of my folder --

THE COURT: A court of review must affirm the

administrative findings in a contested case if there's more than a scintilla of evidence to support them even if the findings are against the preponderance of the evidence. The inquiry is not whether the administrative law judge's decision was correct, but only whether the record demonstrates some reasonable basis for the AL judge's decision.

It's a very high burden, I think, for you to be successful on an appeal based on the standard of review, the substantial evidence analysis.

MR. CRAWSHAW: And I agree with that, Judge, but I would -- I guess I can't emphasize enough that Section 2001.1744 of the Government Code says that this reviewing court must reverse it if there -- if my client's constitutional and substantial rights have been violated, and I think that they have.

THE COURT: And they've been violated because?

MR. CRAWSHAW: Because there was no reasonable basis for the seizure, for the initial detention. All he saw my client do was make a traffic maneuver. That's the only thing that's in the record, and so there's not a scintilla of evidence in the record that says, yeah, there's an objective basis for the stop.

THE COURT: He made an indication in the report that he made a U-turn in a left-turn-only lane and he initiated his traffic lights.

EDNA L. CASANOVA, CSR, RPR

MR. CRAWSHAW: That's it though. That's a conclusory statement that -- all he's citing is he saw somebody drive and make a U-turn. He hasn't -- that's it.

THE COURT: And put on his lights; therefore, in his opinion, meaning that the person violated a traffic law.

MR. CRAWSHAW: That's correct, in his opinion. But we have the objective basis standard under the constitution which the Government Code says that if there's no objective basis, then his constitutional rights have been violated and this decision -- the ALJ's decision should be reversed.

THE COURT: I'm sorry, Mr. Crawshaw, but I disagree with you. I think there was an objective basis that the ALR judge made his decision on with the police report that was submitted. And on the standard of review, I'm not going to substitute my judgement for his.

MR. CRAWSHAW: Thank you, Judge.

THE COURT: Thank you.

(Conclusion of proceedings.)

EDNA L. CASANOVA, CSR, RPR

STATE OF TEXAS    )

COUNTY OF BEXAR   )

I, Edna L. Casanova, County Court Reporter in and for the County Court No. 2 of Bexar County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported to me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $ 58.50  and was paid/will be paid by  Attorney Adam Crawshaw        .

WITNESS MY OFFICIAL HAND this the  14th  day of  August        , 2015.


                          /s/Edna L. Casanova
                          Edna L. Casanova, Texas CSR 6447
                          Expiration Date: 12/31/2015
                          Official Court Reporter
                          County Court No. 2
                          Bexar County, Texas
                          San Antonio, Texas 78205
                          (210)335-2079